1

Nikita Basargin
SID# 8502557
SRCM, 777 Stanton Blvd.
Ontario OR, 97914

FILED13 MAY '13 11:08USDC-ORP



ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

6:13-CV-0805- -PK

| | |
|---|---|
| Nikita Basargin, | Civil Action No.: _____ |
| Plaintiff, | CIVIL RIGHTS COMPLAINT |
| | 42 USC § 1983 |
| v. | |
| Peter Marcellais, Police Officer | |
| Marion County Sheriffs Office, | |
| | Jury Demand over $10,000 |
| Defendant(s). | |

### I.

Have you ever brought any appeal in a court of the United States while a prisoner? No.

### II.

A. Place of Confinement: Snake River Correctional Institution

B. Is there a prisoner grievance procedure in this institution? Yes. However, this claim does not concern prison officials or prison conditions.

C. This claim is a violation of due process for Defendant's failure to properly conduct pretrial identification procedures resulting in tainting of eyewitness identification under 42 USC § 1983 and false arrest without providing probable

cause derived from accepted police procedure and principles of the plaintiff's 14th Amendment right to due process. Plaintiff is not required to give notice per ORS 30.275. See Memorandum in Support.

### III. Parties

A.  Name of Plaintiff: <u>Nikita Basargin</u>

   Security Identification Number (SID):

   Address: SRCM, 777 Stanton Blvd. Ontario OR 97914

B.  <u>Defendant: Officer Marcellais:</u> Marion County Sheriff Deputy, 100 High Street, P.O. Box 14500, Salem OR 97309.

### IV.

### Statement of Fact

A. Plaintiff was arrested on May 13th, 2011 and arraigned on May 16th, 2011. He was held in custody under false arrest for 72 hours.

B. Defense Counsel during the criminal trial discusses how deputies had shown one photo of the plaintiff to the victim and then later on in a photo throwdown. Tr 20-21.

C. Officer Marcellais on the scene of the crime after running the license plate on the vehicle traced it back to Ivan Basargin, plaintiff's brother. Tr 26, 15-21.

D. Once hearing the victim's description of the person that was in his house, Officer Marcellais testified that he automatically assumed it was Nikita

Basargin. Officer Marcellais showed a booking photo to the victim. Officer Marcellais also discussed with the victim how some of the plaintiff's features are similar to features he remembered seeing on the perpetrator. Tr 28, 13-14 and Tr 41, 15-22.

E. Officer Marcellais then contacted the victim and asked him to identify who he saw. Officer stated *"I contact the victim again, let him know I found the vehicle and I believe I found, you know, somebody that he believes would be the suspect. I asked him to start describing him again. He starts describing him, including down to, you know, little dimples and stuff on his face that he noticed. I'm standing a foot away as I'm looking down at Nick and he's describing his face to a tee."* Tr 33, 24-25 ; 34, 1-6.

F. The victim only had to describe the individual he had just seen in the single photo of the plaintiff that he had just discussed with Officer Marcellais.

G. During arraingment the victim states to the district attorney that he is not 100% sure that "this is the guy". Tr 20.

H. Officer Marcellais conducted a subsequent 6 man photo throw down which included Nikita Basargin on 6/6/2011. Tr 20-21. This 6 man photo throw down was entered as Trial Exhibit 1. Tr 12.

I. Although police testified that plaintiff could have changed his hair style, he was only in jail for a couple of days and no evidence or hair cut log entry to prove the theory that plaintiff changed his appearance.

J. Plaintiff's brother Fred Basargin during trial testified that the plaintiff did not commit the crime and that he was never at the crime scene. Tr 71. This confession was given to a correctional officer at the jail and written and provided to the defense attorney. Fred testified in trial his involvement in the burglary but states that the plaintiff did not participate in the crime. Fred Basargin was brought up on charges related to the crime, but later the charges were dropped.

K. Fred Basargin is currently serving a prison term for unrelated burglary committed in the same county.

L. Officer Marcellais focused his criminal investigation on the plaintiff and impermissibly suggested to the victim that the plaintiff was the perpetrator, which led to a false identification. There was no other overwhelming evidence offered at trial that proved the States case other than victim identification.

## V.

## Qualified Immunity

See Memorandum in Support of Civil Rights Complaint. Pg. 3 – 4.

## VI.

## Statement of the Claim

### Claim I

<u>Defendant, Peter Marcellais violated plaintiffs 14th Amendment right to due process when he arrested the plaintiff without probable cause and placed him in custody until the time of his arraignment.</u>

Defendant knowingly and tainted a burglary victim's identification of the plaintiff with a single photo throw down and commentary to the burglary victim during the throw down that influenced the identification of the plaintiff as the individual that committed the burglary. Based on the facts presented herein a reasonable inference can be drawn that Plaintiff's arrest was predicated on mere suspicion and not probable cause. See also Memorandum in Support of Civil Complaint. Pg. 6 – 11. The defendant perpetuated the false arrest of the plaintiff and confined him in a County Facility from May 13th to May 16th.

///

///

///

///

///

///

///

///

## VI. Relief

A.    Issue a declaratory judgment stating that:

Defendant, Officer Marcellais conducted a false arrest of Nikita Basargin without probable cause in violation of plaintiff's right to due process per 14th Amendment of the United States Constitution.

B. Award Compensatory Damages in the following amounts:

$300.00 a day for each day plaintiff was in custody prior to arraignment.

C. Grant such other relief as it may appear that plaintiff is entitled.

Signed this 9 day of May, 2013.

(Signature of Plaintiff)

## Affidavit of Nikita Basargin
## In Support of
## Civil Complaint

I, Nikita Basargin do state the following to be true to the best of my knowledge under penalty of perjury:

On May 13th of 2011 I was arrested for Burglary in the First Degree. I have always proclaimed my innocence. I was at Mega Foods during the time that police say the burglary took place. I had walked on foot to Mega Foods to buy a beer and returned home to finish mowing the lawn. After I returned from

the store the police arrived and began to question me. He called the burglary victim who identified me over his phone. I learned later that Officer Peter Marcellais performed a suggestible single photo throw down with the burglary victim, discussed my facial features with him and my criminal history. When Officer Marcellais took me into custody I told him to check my alibi at Mega Foods. He refused to investigate my alibi claim. I was falsely arrested and ultimately convicted for a crime I didn't commit. I have sent a request for a complaint form from Marion County Sheriffs Department but no response has been forthcoming. I have also sent Officer Marcellais a list of interrogatories but no response has been forthcoming.

_Nick Basurg_
(Signature)

State of Oregon
County of _Malheur_

Signed and sworn to (or affirmed) before me on _May 9th_, 20_13_ by _Nikita Basargin_

_Janell S. Rochester_
Notary Public – State of Oregon

My commission expires: _03/09/2017_

OFFICIAL SEAL
JANELL S ROCHESTER
NOTARY PUBLIC - OREGON
COMMISSION NO. 475324
MY COMMISSION EXPIRES MARCH 09, 2017